122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Alberto GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71093, Apt-nlb-tqj.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marvin Alberto Garcia, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 To the extent that the BIA incorporated the IJ's decision, we review the IJ's decision. See Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996). Except to that extent, we review the BIA's decision. See id. We review factual determinations of a petitioner's statutory eligibility for asylum under a "substantial evidence" standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). To obtain reversal, the petitioner must show that "the evidence not only supports that conclusion, but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992).
 
 
 4
 Garcia contends that the BIA's finding that he failed to establish past persecution or a well-founded fear of future persecution on account of his political opinion was not supported by substantial evidence. We disagree.
 
 
 5
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account: of race, religion, nationality, membership in a social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (1994) Where there is no direct or circumstantial evidence to show that the petitioner was persecuted "on account of" his or her political opinion, the petitioner is ineligible for asylum. See Sangha, 103 F.3d at 1490-91.
 
 
 6
 Garcia failed to offer any direct or circumstantial evidence that the Sandinistas were motivated by Garcia's political opinion. See id. In 1988, the Sandinistas detained and interrogated Garcia for forty-five days because he was a suspected courier for the Contras. After this detention, Garcia continued his activities as a Contra courier until 1990 without harm. From 1989 to 1992, the Sandinistas threatened Garcia and his family because he refused to transport arms to El Salvador. The Sandinistas attempted to recruit Garcia to transport arms because he had the ability to travel to Guatemala by way of El Salvador. The record demonstrated that the Sandinistas were not motivated by Garcia's political opinion, but rather by their own military goals. See id. Thus, substantial evidence supports the BIA's finding that Garcia was ineligible for asylum because he failed to establish persecution "on account of" one of the enumerated grounds. See id. The record does not compel this court to find otherwise. See id.; see also Elias-Zacarias, 502 U.S. at 481 n. 1.
 
 
 7
 Because Garcia failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).[1]
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Garcia failed to demonstrate eligibility for asylum, we need not address Garcia's remaining contention